

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MRM:JRS
F. #2022R00929

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 11, 2024

**TO BE FILED UNDER SEAL**

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Adderly Rafael Santos Familia
       Criminal Docket Number 23-CR-10 (RPK)

Dear Judge Kovner:

  The government respectfully submits this letter in advance of the sentencing of defendant Adderly Rafael Santos Familia, which is scheduled for July 18, 2024 at 12:30 p.m. As set forth below, a Guidelines sentence is sufficient but not greater than necessary to accomplish the purposes of sentencing.

  I. Offense Conduct

  On January 23, 2024, the defendant pled guilty to one count of importation of cocaine, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(3). The defendant was arrested after he flew from Punta Cana, Dominican Republic to John F. Kennedy International Airport ("JFK Airport") with approximately 4.466 kilograms of cocaine hidden in various parts of his luggage.

  On December 14, 2022, the defendant landed at Terminal 8 at JFK Airport. See Pre-Sentence Investigation Report ("PSR") ¶ 8. Upon landing, Customs and Border Protection officers inspected the defendant's property, which included a backpack, duffel bag, and rolling suitcase. Inside of the duffel bag, the officers discovered two neck pillows that felt weighted. Id. ¶ 9. The defendant told the officers that his children had given them to him. Id. ¶ 10. After opening the neck pillows, the officers found small packets of a white substance mixed into the stuffing. Two stuffed Santa Claus dolls contained a similar mixture of white substance and stuffing. Additional fabric panels in various locations throughout his luggage likewise contained this white substance. Id. ¶ 10. The officers then performed a field test on the white substance,

which returned positive for cocaine. Laboratory testing ultimately calculated a net weight of 4.466 kilograms of cocaine seized from the defendant that day. Id. ¶ 12.

II.     Applicable Law

The Supreme Court has explained that the Court "should begin all sentencing proceedings by correctly calculating the applicable range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted). 18 U.S.C. § 3553(a) provides, in part, that in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed--
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct; [and]
> >
> > (C) to protect the public from further crimes of the defendant.

Section 3553(a) also recognizes the need to afford the defendant opportunities for rehabilitation, see 18 U.S.C. § 3553(a)(2)(D), and the need to avoid unwarranted sentence disparities, see 18 U.S.C. § 3553(a)(6). Thus, the Court must first calculate the correct Guidelines range, and then apply the Section 3553(a) factors to arrive at an appropriate sentence. The district court must also "remain cognizant of them throughout the sentencing process." Gall, 552 U.S. at 50 n.6.

III.    The Sentencing Guidelines

A.   Guidelines Calculation

The government submits that the applicable Guidelines calculation is set forth below, as calculated in the Probation Department's Addendum to the PSR, dated July 9, 2024[1]:

---

[1] The Addendum to the PSR removed a 4-level minimal role reduction following the government's objection to its inclusion in the Guidelines calculation. See ECF No. 23. Notably, this 4-level minimal role reduction was not included in the Guidelines calculation set forth in the parties' plea agreement. Further, the Commentary to the Guidelines requires that multiple individuals must participate in an offense for this adjustment to apply. See Commentary to Section 3B1.2(a), Note 2 ("The guideline is not applicable unless more than one participant was

2

| | |
|---|---|
| Base Offense Level (U.S.S.G §§ 2D1.1(a)(5) and 2D1.1(c)(6)) | 28 |
| Less: Acceptance of Responsibility (U.S.S.G §§ 3E1.1(a), (b)) | -3 |
| Total: | <u>25</u> |

The defendant has a prior conviction from September 13, 2017 for criminal possession of stolen property in the fifth degree, which corresponds to one criminal history point. Id. ¶ 28. Two other convictions, for disorderly conduct, on July 19, 2017, and possession of burglar tools, on February 16, 2010, do not correspond with any criminal history points. Id. ¶¶ 26-27. Accordingly, the government agrees with the Probation Department's calculation that the defendant is in Criminal History Category I.

Based on a total offense level of 25 and a Criminal History Category of I, the offense conduct carries an advisory Guidelines range of 57 to 71 months of imprisonment.

IV.   A Guidelines Sentence Is Appropriate

The government respectfully submits that a Guidelines sentence is appropriate here given the seriousness of the defendant's conduct. The defendant brought nearly four and a half kilograms of potentially lethal narcotics into the United States simply to line his own pockets with cash and without concern for the danger his actions could inflict on others. A Guidelines sentence would offset the gain that the defendant expected to realize by bringing harmful substances into the United States, and deter would-be couriers from following the defendant's example. See 18 U.S.C. § 3553(a).

[REDACTED]

---

involved in the offense. . . . Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant"). Here, the government is unaware of any other participants in this offense other than the defendant. As the Second Circuit has held, "[t]he defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to a mitigating role adjustment under section 3B1.2." United States v. Wynn, 37 F.4th 63, 67 (2d Cir. 2022) (quoting United States v. Carpenter, 252 F.3d 230, 234 (2d Cir. 2001)). Because the defendant has not satisfied his burden and has not advanced any evidentiary basis to support the application of this adjustment, it does not apply here.

[REDACTED]



V.  Conclusion

For the foregoing reasons, the government respectfully submits that the Court should impose a Guidelines sentence.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
James R. Simmons
Assistant U.S. Attorney
(718) 254-7511

cc: Clerk of the Court (RPK) (by ECF)
Karume James, Esq. (by ECF and E-mail)
U.S. Probation Officer Cheyanne Ralph (by E-mail)